IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CARL EDWARDS, III,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JERMAINE WHITE,<br><br>　　　　Respondent. | CIVIL ACTION NO.: 5:22-cv-25 |

**ORDER AND REPORT AND RECOMMENDATION**

Petitioner Carl Edwards ("Edwards") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. Doc. 1. Edwards also filed a Motion for Leave to Proceed *in Forma Pauperis* and a "Motion for Writ of Mandamus." Docs. 6, 8. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Edwards' Petition as untimely filed, **DENY as moot** Edwards' Motion for Writ of Mandamus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Edwards *in forma pauperis* status on appeal and a Certificate of Appealability. I **DENY as moot** Edwards' Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 6.

**BACKGROUND**

Edwards was convicted in the Ware County Superior Court of robbery and two counts of felony murder in May 2008 after entry of a guilty plea. Edwards was sentence to life imprisonment on each felony murder count and to 10 years in prison on the robbery count. He filed a state habeas corpus application to challenge his convictions in June 2011, which was denied. The Georgia Supreme Court denied Edwards' application for a certificate of probable

cause on January 22, 2013.  Edwards previously filed a § 2254 petition in this Court in 2013, and that petition was dismissed as untimely filed.  R. & R. and Order, <u>Edwards v. Jacobs</u>, CV513-53 (S.D. Ga. Aug. 26 and Sept, 30, 2013), ECF Nos. 14, 17.[1]

In the instant Petition, which was originally filed in the District Court for the Northern District of Georgia on April 18, 2022, Edwards once again attempts to challenge his convictions and sentences obtained in Ware County Superior Court in May 2008.  Doc. 1.  It appears Edwards considers his previously filed habeas petition in this Court to be an appeal from the judgment of conviction.  <u>Id.</u> at 2–3.

## DISCUSSION

**I.  Edwards' Petition Is Untimely**

A petitioner seeking to file a federal habeas petition has one year within which to file his petition.  28 U.S.C. § 2244(d)(1).  The statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Edwards is under the mistaken impression this Court's dismissal of his previously filed § 2254 petition is the equivalent of his criminal charges being dismissed.  Doc. 1 at 3, 7; Doc. 8 at 6.  The Court's ruling only dismissed Edwards' previous § 2254 petition because it, too, was untimely filed.

Id.

Edwards' conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Edwards was convicted in the Ware County Superior Court on May 12, 2008, and the judgment was filed May 23, 2008. R. & R., Edwards, ECF No. 14, pp. 3–4. Edwards had a period of 30 days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Edwards did not file an appeal, and, thus, his conviction became final on June 22, 2008. Because Edwards' conviction became final on June 22, 2008, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to § 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (A state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired.).

3

As noted above, Edwards' conviction became final on June 22, 2008. He had one year from that date, or until June 22, 2009, to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review. Edwards filed his state habeas corpus petition on June 14, 2011, more than a year after his conviction became final. By that time, the statute of limitations period applicable to § 2254 petitions had elapsed. Consequently, the filing of his state habeas corpus petition did not toll the federal statute of limitations. On its face, Edwards' Petition is untimely. However, it must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Edwards does not present any basis for equitable tolling of the statute of limitations. To be sure, Edwards offers no reason why he is again challenging his convictions and sentences in this Court more than nine years after this Court already informed him the statute of limitations barred his claims. Thus, Edwards offers nothing to show he had been pursuing his rights—diligently or otherwise—and some extraordinary circumstance prevented him from filing a timely § 2254 petition or a timely application in the state courts attacking his Ware County convictions and sentences. "The burden of proving circumstances that justify the application of

4

the equitable tolling doctrine rests squarely on the petitioner." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014). As he has failed to meet this burden, Edwards is not entitled to equitable tolling.

To the extent Edwards wishes for the Court to consider the filing of an undisclosed "extraordinary motion," seeking unspecified relief and filed in an undisclosed court on December 27, 2018, as a tolling event, doc. 1 at 4, the Court declines to do so. Even if this motion were considered "properly filed," Edwards did not file this motion until well after the applicable statute of limitations expired and offers nothing showing he had been pursuing his rights diligently. Edwards' § 2254 Petition is plainly untimely, and the Court should **DISMISS** the Petition. By extension, the Court should **DENY as moot** Edwards' Motion for Mandamus, doc. 8.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Edwards leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Edwards has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in

good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Edwards' Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Edwards *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Edwards' Petition as untimely filed, **DENY as moot** Edwards' "Motion for Writ of Mandamus," **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Edwards *in forma pauperis* status on appeal and a Certificate of Appealability. I **DENY as moot** Edwards' Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 6.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of October, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA